**NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE, a/k/a N.A.A.C.P. and Leroy Hall, Jr., Plaintiffs-Appellants,**

v.

**The CITY OF EVERGREEN, ALABAMA, a municipal corporation; O.B. Tuggle, individually and as Mayor of the City of Evergreen, Alabama and The Evergreen Housing Board and Authority, Defendants-Appellees.**

No. 81–7528.

United States Court of Appeals, Eleventh Circuit.

Dec. 23, 1982.

Rehearing and Rehearing En Banc Denied Jan. 31, 1983.

---

Watkins, Carter & Knight, Montgomery, Ala., Donald V. Watkins, Montgomery, Ala., for plaintiffs-appellants.

Robert G. Kendall, Mobile, Ala., for defendants-appellees.

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge.

JOHNSON, Circuit Judge:

The National Association for the Advancement of Colored People (NAACP) and Leroy Hall, Jr.,[1] brought this action in May 1979, pursuant to 42 U.S.C.A. § 2000e *et seq.* ("Title VII") and 42 U.S.C.A. §§ 1981, 1983 and 1985(3), on behalf of themselves, on behalf of the members of the Conecuh County Branch NAACP, and as named representatives of a putative class comprised of all the blacks in the City of Evergreen (City) and Conecuh County, Alabama. Plaintiffs alleged that the City was engaging in a pattern and practice of discrimination against blacks in the City's hiring and promotional practices for jobs in the various city agencies and departments. They requested declaratory and injunctive relief, costs and attorney's fees, and any further relief that the district court would deem necessary to effectuate the requested relief.

Forty percent of Evergreen's four thousand citizens and forty-four percent of Conecuh County's residents are black. Some twenty-three of Evergreen's fifty-two employees were black when the NAACP filed this suit, but only one of the City's fifteen supervisory positions was held by a black. Evergreen had no written job descriptions, no uniform personnel procedures, no uniform wage schedules and no affirmative action program. The City did not advertise job vacancies. In some instances the applications of blacks were not given any consideration whatsoever for job vacancies, and only on rare occasions were black applicants called in for job interviews. The district court found evidence suggesting that the City's selection process operated to the detriment of black applicants with regard to supervisory positions and that race was a significant factor in the hiring practices. The court further found that the lack of any system of advertising job vacancies other than by word of mouth "undoubtedly operated to the benefit of white applicants and to reduce the number of potential black applicants" by excluding blacks from access to such information.

In February 1980, after Magistrate Bagwell conducted a pretrial Rule 23 certification hearing, the district court adopted the Magistrate's recommendation that the NAACP be allowed to sue on behalf of its own organizational interests for declaratory and injunctive relief, that the NAACP be allowed to assert the non-class claims of its own members, and that plaintiff Hall not be allowed to serve as class representative. The court also adopted the Magistrate's recommendation that the NAACP be certified under Fed.R.Civ.P. 23(b)(2) as sole named representative of a class including the following persons, whether or not members of the NAACP: (i) all past, present and future black employees of the City of Evergreen; (ii) all black persons who have applied or will in the future apply for employment by the City of Evergreen; and (iii) all blacks who would have applied for employment with the City of Evergreen but for alleged discriminatory employment practices. The Magistrate declined to read the NAACP's request for "further and different" relief as a request for back pay, noting that such a request would destroy the NAACP's standing. The district court adopted this finding as well and did not certify class claims for back pay or monetary relief. On June 25, 1980, the NAACP moved to bifurcate the trial into a preliminary liability determination and a subsequent damages phase,[2] but the district court denied the motion on the

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Mr. Hall is not an appellant in this case.

2. During the liability phase of the requested bifurcated procedure the plaintiffs must prove discrimination against the class generally. If plaintiffs prevail in the liability phase, individual entitlement to relief is to be determined at the damages phase. The court would determine whether particular claimants are members of the covered class, whether they have suffered financial loss, and whether they are entitled to back pay or other appropriate relief.

ground that the issue of back pay relief was not present.

Two months prior to trial, in October 1980, Leroy Hall became the second black to hold a supervisory position upon his promotion to police sergeant. The City posted announcements and prepared a job description for the vacancy created by his promotion. The City claims that notices are now posted when any position becomes vacant and that job descriptions for all such positions are prepared and published in the newspaper. NAACP disputes this claim, pointing out that a white was hired as City Recreation Director on March 10, 1981, without the position being advertised.

After the case was tried, the district judge entered final judgment on May 19, 1981. He granted the NAACP's request for declaratory relief and awarded reasonable attorney's fees, but denied its claim for injunctive relief against Evergreen. The district court found that "Evergreen was in the past guilty of discriminatory hiring practices, [but] that the City now follows more objective standards for hiring and that racial discrimination no longer exists in Evergreen with respect to the City Departments." The judge noted that it was "insignificant whether this change is due to the filing of the EEOC charge and this suit." He held that "[i]n view of the City's present policy of non-discriminatory hiring, it would be inappropriate to grant injunctive relief." The court also refused to grant any monetary award or back pay.

## I.

■ The grant or denial of an injunction is committed to the sound discretion of the district court. *United States v. W.T. Grant,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). But in cases present-

ing abundant evidence of consistent past discrimination, injunctive relief is *mandatory* absent clear and convincing proof that there is no reasonable probability of further noncompliance with the law. *James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 354 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978). Although the court found that discrimination no longer exists, the power to issue an injunction survives discontinuance of the illegal conduct sought to be enjoined. *W.T. Grant, supra,* 345 U.S. at 633, 73 S.Ct. at 897. The district judge clearly erred in stating that "[i]t is insignificant whether this change is due to the filing of the EEOC charge and this suit." Courts should keep in mind the oft-repeated observation that "reform timed to anticipate or blunt the force of a lawsuit offer[s] insufficient assurance that the practice sought to be enjoined will not be repeated." *James v. Stockham Valves, supra,* 559 F.2d at 354–55. Moreover, even absent the threat of future discriminatory behavior, the courts have a duty to correct and eliminate the present effects of past discrimination. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975); *Morrow v. Crisler,* 491 F.2d 1053, 1056 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 895, 95 S.Ct. 173, 42 L.Ed.2d 139 (1974); *NAACP v. Allen,* 340 F.Supp. 703, 705 (M.D.Ala.1972), *aff'd,* 493 F.2d 614 (5th Cir.1974). Considering the district court's finding and the abundant evidence in the record of consistent past discrimination, we hold that the denial of injunctive relief was an abuse of discretion. This case must therefore be remanded for the district court to fashion an appropriate decree which will be designed to increase the number of blacks in supervisory positions in Evergreen's agencies and departments. Although we are well aware of our limited

*See Baxter v. Savannah Sugar Refining Corp.,* 495 F.2d 437, 443–44 (5th Cir.), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974).

Plaintiffs stipulated that if they prevailed at the liability phase, they would notify known

class members by certified mail, and unknown class members by publication in at least three newspapers of statewide circulation, informing them of the court's finding, and advising them to file individual claims before a specified date.

role in fashioning equitable decrees, it is appropriate for this Court to enumerate guidelines to aid the district court. *Morrow v. Crisler, supra,* 491 F.2d at 1055.

The district court should permanently enjoin the City of Evergreen, its agents, officers, successors in office, employees and all persons acting in concert or participating with the City from engaging in any employment practices, including recruitment, appointment, promotion, retention, or any other personnel action, for the purpose or with the effect of discriminating against any employee, or actual or potential applicant for employment, on the ground of race or color. The district court should also order the City of Evergreen to publish notices of job vacancies, job descriptions, and objective, job verified guidelines for selection of employees for the various city agencies and departments.

## II.

The NAACP seeks to challenge the amount of attorney's fees awarded by the district court, but that issue is not properly before this Court. On May 25, 1981, the NAACP filed its application for attorney's fees. On June 18, the NAACP filed its notice of appeal "from that portion of the Order ... [of] May 19, 1981 which denied the injunctive relief sought ... and from the Court's April 27, 1980 Order denying plaintiff NAACP's motion for a bifurcated trial." On June 23, the district court awarded attorney's fees. The City of Evergreen filed a notice of cross-appeal on June 25, "from those portions of the Order of Final Judgment ... which awarded attorney's fees to the [NAACP] and taxed costs against defendants." The adequacy of the attorney's fee award was not questioned by the NAACP until September 18, 1981, when it filed its opening brief with this Court.

██ Despite the fact that the NAACP never filed a notice of appeal with respect to the amount of the attorney's fee award,

it argues that both parties knew the award would be an issue by virtue of Evergreen's June 25 cross-appeal from the grant of attorney's fees.[3] It claims that although Fed. R.App.P. 3(c) requires that a party's notice of appeal "shall designate the judgment, order or part thereof appealed from," this Circuit has followed a policy of liberal construction where the intent to appeal an unmentioned ruling is apparent and there is no prejudice to the adverse party. *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981). This Court, however, has only pardoned insufficient notice of appeal when an intent to appeal is truly apparent or where claims or issues are inextricably entwined with issues that have been properly raised. *Id.* We cannot say that the NAACP's intent to appeal the amount of the attorney's fee award was even vaguely apparent until the NAACP filed its opening brief on September 18. Moreover, the NAACP's argument that attorney's fees were insufficient is entirely different from the issue of whether it was entitled to attorney's fees at all. We therefore dismiss this issue as not properly raised.

This case is REMANDED to the district court for such further proceedings, actions, and final orders as may be consistent with this opinion. The district court shall award such attorney's fees as may be appropriate for this appeal.

REVERSED AND REMANDED.

JOHNSON, Circuit Judge, writing separately:

Because Judges Vance and Allgood are unwilling to remand for a hearing on the issue of back pay, I must write separately on this issue. Judges Vance and Allgood conclude that the district court's refusal to bifurcate the proceeding on the issue of back pay, given the posture of the case, was not an abuse of discretion. The NAACP

---

**3.** The City of Evergreen has abandoned its    cross-appeal.

contends that, even though no class claims for back pay were certified, the case of *Albemarle Paper Co. v. Moody, supra,* 422 U.S. at 421, 423–24, 95 S.Ct. at 2373, 2374, read in conjunction with *Teamsters v. United States,* 431 U.S. 324, 360–62, 97 S.Ct. 1843, 1867–68, 52 L.Ed.2d 396 (1977), requires a back pay entitlement hearing because discrimination against the class has been shown.[1] This position is well supported by the law of this Circuit.[2] *United States v. Hayes International Corp.,* 456 F.2d 112, 121 (5th Cir.1972); *see Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364, 1375–77 (5th Cir.1974). Rule 54(c) of the Federal Rules of Civil Procedure directs that

> every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Requiring a back pay hearing helps to "achieve equality of employment opportunities," *Griggs v. Duke Power Co.,* 401 U.S. 424, 429–30, 91 S.Ct. 849, 852–53, 28 L.Ed.2d 158 (1971), and to "make persons whole," *Albemarle, supra,* 422 U.S. at 418, 95 S.Ct. at 2372, thus serving the dual purposes of Title VII. But a party may not be entitled to relief if its conduct has improperly and substantially prejudiced the other party. *Id.* at 424, 95 S.Ct. at 2374. Although the record in this case does not indicate that the NAACP's failure to specifically request back pay in its complaint has prejudiced the City of Evergreen, in my opinion this issue should be considered by the district court on remand before conducting a back pay hearing.

The City of Evergreen argues that the NAACP lacks standing to seek back pay for members of the class. Relying on *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), the City contends that when, as in this case, the fact and extent of injury to members of an organization require individuated proof, each member claiming relief must be a party to the suit; the organization has no standing to claim damages on his behalf. *Id.* at 515-16, 95 S.Ct. at 2213–14. It is true that outside the context of a class action an organization cannot seek individuated damages on behalf of its members. *Id.* But in addition to suing for injunctive and declaratory relief as a non-class representative of its members, the NAACP was certified under Fed.R.Civ.P. 23(b)(2) as named representative of a class. Class members are parties to class actions, *see Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 511, 38 L.Ed.2d 511 (1973), and it is in its capacity as class representative that the NAACP has requested a bifurcated hearing. A class properly certified under Rule 23 may have standing to seek back pay for its members. *See, e.g., Baxter v. Savannah Sugar, supra,* 495 F.2d at 443–44. In this case, however, the district court's certification of the NAACP as representative of the class was improper. The NAACP is not a member of the class which it solely represents, so the requirements of Fed.R.Civ.P. 23(a) have not been satisfied. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). Therefore, I would also in our remand instruct the district court to permit intervention by a member or members of the class as named representative(s). *Cf. Griffin v. County School Board of Prince Edward County,* 377 U.S. 218, 234, 84 S.Ct. 1226, 1234, 12 L.Ed.2d 256 (1964) (permitting the district court to add new parties

---

1. The *Albemarle* Court held that "given a finding of unlawful discrimination, back pay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination … and making persons whole for injuries suffered through past discrimination." 422 U.S. at 421, 95 S.Ct. at 2373.

2. The Eleventh Circuit has adopted the case law of the former Fifth Circuit as its governing body of precedent. This precedent is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

on remand). With a member or members of the class as named representative(s), the class would then have standing to seek back pay.